JOHN A. BRANT, TREASURER, &c., PROSECUTOR, v. JAMES F. TRACEY, COLLECTOR.

Argued November 4, 1903—Decided February 23, 1904.

The "Act concerning townships" (Revision), approved March 24th, 1899, does not repeal the act entitled "An act concerning roads and parks and creating boards for the control and management of the same," approved March 1st, 1893, as amended by the supplement thereto, approved March 17th, 1896.

On rule to show cause why *mandamus* should not issue.

Before Justices FORT, GARRETSON and PITNEY.

. For the writ, *Peter W. Stagg*.

The opinion of the court was delivered by

FORT, J. The prosecutor applies for a writ of *mandamus* to direct the defendant, collector of taxes of the township of Ridgefield, in the county of Bergen, to pay over to him as treasurer of the township committee the sum of $725.43, collected by the defendant under the "Act concerning public roads and parks and creating boards for the control and management of the same," approved March 1st, 1893. *Pamph. L., p.* 69.

This act, as amended by the supplement thereto, approved March 17th, 1896 (*Pamph. L., p.* 80), was held to be constitutional, as to the creation of road districts, by the Court of Errors and Appeals in *Allison* v. *Corker,* 38 *Vroom* 596.

By this act it is provided that the moneys collected by the township collector for road purposes in the township shall be paid by him to the president of the public road board, established by the act. *Pamph. L.* 1893, *p.* 78, § 15.

The ground of the application before us is that the act of March 1st, 1893, as amended by the act of March 17th, 1896, is repealed by the act entitled "An act concerning townships" (Revision), approved March 24th, 1899. *Pamph. L., p.* 372.

There is no claim that there is any express repealer in the act of March 24th, 1899, of the said act of March 1st, 1893. The contention is that it is repealed by implication. The act of March 24th, 1899, contains an express repealer of numerous statutes relative to townships. *Pamph. L.* 1899, *p.* 412, § 96.

The act of 1899 is, and was intended to be, a revision of the laws applicable to townships. A statute of revision is held to speak as of the date of its original enactment and should not be held to repeal acts existing at the time of its enactment, in its revised form, unless no other reasonable inference can be drawn from the legislation than that it was intended to repeal the act which it is alleged it supersedes.

Chief Justice Beasley thus states the rule: "The incorporation of the existing laws into the body of the revised law in an unmodified form does not give to such re-enacted laws the force of original laws passed at the date of the revised laws. Such laws were re-enacted with no purpose of giving to them any new efficacy, but simply to the end of bestowing upon their rearrangement a legislative sanction. The laws, so adjusted, are not to be deemed to have acquired any different efficacy from that possessed by them in their original condition." *Knight* v. *Freeholders of Ocean,* 20 *Vroom* 485.

Because the General Township act of 1899 does not contain any provision for a board of road commissioners and does confer upon the township committee certain control over the roads of the township, it is contended that the Road District act of 1893 is repealed.

This contention is without force. The Road act is a general act, applicable to all townships in which it is adopted in the manner pointed out by the act. Where it had been adopted before the passage of the General Township act it still continues to operate, as it will wherever it may be hereafter lawfully adopted.

It is the duty of the defendant to pay the funds in his hands to the president of the public road board of the township.

The rule to show cause is discharged.